

*U. S. Department of Justice*

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Michael F. Davio* | *Suite 400* | *DIRECT: 410-209-4985* |
| *Special Assistant United States Attorney* | *36 S.Charles Street* | *MAIN: 410-209-4800* |
| *Michael.Davio@usdoj.gov* | *Baltimore, MD 21201-3119* | |

October 6, 2020

The Honorable Peter J. Messitte
United States District Judge
6500 Cherrywood Lane
Greenbelt, Maryland 20770

  Re: *United States v. Victor Matti Dimattia*,
     Criminal No. PJM-19-0416

Judge Messitte:

  The Government writes this letter in advance of the Defendant's sentencing, scheduled for Thursday, October 13, 2020, and in response to the Defendant's sentencing memorandum (ECF No. 22). As set forth more fully below, the Government requests that Court sentence the Defendant to 18 months of incarceration, and that he be ordered to pay restitution in the agreed-upon amount of $409,421.

  I. Background

  On June 16, 2020, the Defendant pleaded guilty to Count One of the Indictment, which charges him with Theft of Government Property in violation of 18 U.S.C. § 641. The charge stems from the Defendant's theft, over a period of approximately nine years, of over $400,000 in Social Security Retirement Insurance Benefit payments and Civil Service Retirement System annuity payments that the Social Security Administration (SSA) and the Office of Personnel Management (OPM) made to the Defendant's deceased mother, believing her to be alive. The payments were made by direct deposit to a joint bank account titled to the Defendant and his mother. Instead of notifying SSA and OPM of his mother's death, the Defendant spent the funds a vain attempt to prop up his failing medical transport business, and later, personal expenses. The payments only stopped when SSA conducted an audit and determined that the Defendant's mother was deceased, but was receiving payments from both SSA and OPM.

  Agents of the SSA and OPM Offices of Inspectors General confronted the Defendant during a consensual interview and the Defendant admitted that he stole the funds deposited in his and his mother's joint account. The Defendant stated he spent the funds on his business, Patriot Medical Transport. This is consistent with what is reflected in bank statements for the account, which show several large checks the Defendant wrote to the business during the period it was operating, however, much of the funds were also removed from the account by withdrawals, either in the form of checks to "cash" or to the Defendant. The Defendant reported selling his

business's equipment to his new employer, another ambulance company, in February 2018. In spite of the fact that the Defendant no longer had a company to prop up, the Defendant continued to spend the benefits payments, instead on bills and retail purchases. This continued until the payments were terminated in June 2018.

      II.      Guidelines Calculation

The Government and Defendant stipulate and agree that the Sentencing Guidelines are calculated as follows:

> a. This base offense level for Count One, Theft of Government Property, is 6, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(a)(2).
>
> b. There is an 12-level increase, pursuant to U.S.S.G. § 2B1.1(b)(1)(G), because the loss involved in the offense was more than $250,000 but less than $550,000.

This results in an offense level subtotal of 18.

There is a 2-level downward adjustment because the Defendant clearly accepted responsibility, and the Government will move at sentencing for an additional 1-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty, pursuant to U.S.S.G. § 3E1.1(b). Thus, the final adjusted offense level is **15**.

The Defendant is in Criminal History Category I, according to the Presentence Investigation and Report (ECF No. 19), ¶ 26. Therefore, the Defendant's sentencing guideline range is **18 to 24 months**.

      III.      Section 3553(a) Factors

The Government, in consideration of the Sentencing Guidelines and the factors set forth at 18 U.S.C. § 3553(a) believes that a sentence of 18 months of incarceration is sufficient, but not greater than necessary to accomplish the objectives set forth in 18 U.S.C. § 3553(a).

The offense is very serious. While fraud against the government is unfortunately not uncommon, fraud to this extent is. The Defendant stole a tremendous sum—over $400,000—over a period of nine years, and showed no signs of stopping absent the law enforcement intervention that ultimately brought the scheme to an end. The Defendant made no apparent efforts during the nine years he was stealing from the government to contact SSA or OPM to stop the payments or establish a repayment plan. When he did receive nearly $74,000 in February 2018 from the sale of his business, instead of repaying the government, he spent the majority of those funds paying other bills, issuing checks to himself, dining out, and purchasing over $1,400 worth of cigars. A sentence of 18 months is proportionate to the seriousness of the Defendant's conduct and the losses sustained by the government because of his conduct.

Because of the pervasiveness of fraud against the government, there is a great need for the Court's sentence to afford adequate deterrence to criminal conduct and to promote respect for the law. In particular, the OPM Office of Inspector General estimated in 2011 that payments to

deceased annuitants averaged about $120 million per year,[1] meaning that OPM likely paid well over $1 billion to deceased annuitants during the period the Defendant was stealing from that agency. The fact that several of those who submitted statements on the Defendant's behalf referenced the news article about the Defendant's case demonstrates that the public pays attention to these cases. It is therefore important that the Court impose a sentence that conveys that there will be consequences to stealing from the government, and which will deter similar criminal conduct in the future. Conversely, an inadequate sentence could have the opposite effect. If the Court were to impose a sentence of home confinement as the Defendant requests, a prospective fraudster may consider such a sentence a small price to pay for the chance to abscond with hundreds of thousands of dollars in government money. A sentence of 18 months would serve to afford deterrence to such criminal conduct and promote respect for the law.

The Government acknowledges that the Defendant has been forthcoming about his involvement in the offense, admitting his theft both to law enforcement and the Court. It is for this reason that the Government recommends a sentence at the low end of the sentencing guideline range. A sentence of 18 months is sufficient but not greater than necessary to effect the aims of 18 U.S.C. § 3553(a).

IV. Conclusion

For all of the foregoing reasons, the Government respectfully requests that this Court sentence the Defendant to 18 months of incarceration and enter an order of restitution in the amount of $409,421.

                                            Respectfully submitted,

                                            Robert K. Hur
                                            United States Attorney

By:    Michael F. Davio
        Special Assistant United States Attorney

---

[1] *See, Stopping Improper Payments to Deceased Annuitants*, https://www.opm.gov/our-inspector-general/organization/office-of-legal-and-legislative-affairs/stopping-improper-payments-to-deceased-annuitants.pdf. (2011)